IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CATHERINE WILSON,<br><br>  Plaintiff,<br><br>vs.<br><br>(1) COLLECTO, INC. D/B/A EOS CCA, and<br>(2) US ASSET MANAGEMENT, INC.,<br><br>  Defendants. | )<br>)<br>)<br>)    **COMPLAINT**<br>)    **(Unlawful Debt Collection Practices)**<br>)<br>)    Case No.: 4:20-cv-00357-JED-JFJ<br>)<br>)    **JURY TRIAL DEMANDED**<br>) |

## COMPLAINT

NOW COMES Plaintiff, Catherine Wilson, and for her Complaint against Defendants, Collecto, Inc. d/b/a EOS CCA ("EOS") and US Asset Management, Inc. ("US Asset"), alleges as follows:

## INTRODUCTION

1. Plaintiff states a claim against EOS and US Asset for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

   (a) **Abusive practices**

   > There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   (b) **Inadequacy of laws**

   > Existing laws and procedures for redressing these injuries are

1

inadequate to protect consumers.

(c) **Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendants conduct business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Tulsa, County of Tulsa, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

2

8. Defendants are each a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant US Asset, is a collections business with an office in Norwell, Massachusetts. Defendant US Asset states on its website that, "U.S. Asset Management, Inc. is an experienced, compliant, and privately funded debt purchaser."

10. Plaintiff is informed and believes, and thereon alleges, that Defendant EOS, is a collections business with an office in Norwell, Massachusetts.

11. Plaintiff is informed and believes that Defendants are related entities and *share an address* at 700 Longwater Drive, Norwell, MA 02061.

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Around September, 2016, Plaintiff received a letter from Sallie Mae stating that a student loan debt which Plaintiff was allegedly a co-signer with her daughter had been sold to Defendant US Asset.

14. On or about January 18, 2019, Defendant US Asset filed a lawsuit in Tulsa County against Ms. Wilson for the defaulted student loan debt (the "Debt"), styled *US Asset Management, Inc. v Catherine A. Wilson*, Case No. CJ 2019-241, seeking $79,689.36 (the "State Court Action").

15. Ms. Wilson engaged legal counsel to assist her with the Debt and the defense of the State Court Action. On April 22, 2019, Ms. Wilson's legal counsel entered his appearance and filed an Answer in the State Court Action, and sent several letters to counsel for US Asset regarding the Debt.

16. US Asset filed a dismissal of the State Court Action on August 12, 2019.

17. However, immediately after dismissal, Defendants began their attempts at collecting the debt from Ms. Wilson directly. On or around August 23, 2019, Ms. Wilson received a Statement from Defendant EOS dated August 12, 2019, identifying Salle Mae as the "original creditor" and identifying Defendant US Asset as the "current creditor," seeking the increased amount of $84,254.17.

18. On or around August 23, 2019, Ms. Wilson also received an undated letter from Defendant US Asset. The letter falsely, deceptively and misleadingly stated, "The purpose of this letter is to inform you that U.S. Asset Management, Inc. has purchased your account from US ASSET MANAGEMENT, INC."

19. The undated letter was false, deceptive, and misleading in violation of 15 U.S.C. 1692e and its pertinent subparts as it stated that Defendant US Asset apparently purchased the debt from itself.

20. Toward the end of 2019, Plaintiff received another dunning letter from Defendant EOS, dated December 4, 2019, demanding the increased payment of $86,087.51 for the Debt on behalf of Defendant US Asset.

21. Then, during the COVID-19 lockdown at the end of March, 2020, Plaintiff received another letter from Defendant EOS, dated March 10 or 16, 2019, demanding the increased payment of $87,685.27 for the Debt on behalf of Defendant US Asset.

22. Additionally, Plaintiff has received numerous harassing calls from "unknown" numbers, so as not to be verifiable, which she believes are from either or both Defendants.

23. As US Asset was aware that Plaintiff was represented by counsel regarding the Debt, pursuant to the FDCPA, all communications regarding the Debt from its debt collector, Defendant EOS, should have been mailed to Plaintiff's counsel, not directly to the Plaintiff.

24. Upon information and belief, Defendant US Asset either withheld from Defendant EOS that Plaintiff was represented by counsel with respect to the Debt, or Defendant EOS willfully ignored information provided to it by Defendant US Asset that Plaintiff was represented by counsel with respect to the debt.

25. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendants in the form of attorney fees for defending the underlying State Court Action, anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

26. The acts and omissions of Defendant EOS who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant US Asset.

27. The acts and omissions by Defendant EOS and its employee debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant US Asset in collecting consumer debts.

28. By committing these acts and omissions against Plaintiff, Defendant EOS was motivated to benefit its principal, Defendant US Asset.

29. Defendant US Asset is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, in their attempts to collect this alleged debt from Plaintiff.

### COUNT I

### DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

30. Defendants violated the FDCPA. Defendants violations include, but are not limited to the following:

a) Defendants violated §1692b(2) of the FDCPA by communicating with Plaintiff even though they knew she was represented by an attorney;

b) Defendants violated §1692e, §1692e(2) and §1692e(10) by falsely representing the amount of the Debt;

c) Defendants violated §1692e and §1692e(10) by falsely identifying the name of the company that US Asset allegedly purchased the Debt from (itself);

d) Defendants violated §1692d by placing telephone calls to Plaintiff from "unknown" numbers, so as not to be verifiable;

e) Defendants violated §1692f(1) by attempting to collect a debt not expressly authorized by the agreement creating the Debt or permitted by law; and

f) Defendant US Asset violated §1692e, §1692f, and §1692e(10) by not advising its collector, Defendant EOS, that Plaintiff was represented by legal counsel with respect to the Debt.

**WHEREFORE**, Plaintiff, Catherine Wilson, respectfully prays that judgment be entered against Defendants, US Asset and EOS, jointly, for the following:

a) Statutory damages of $1,000.00, against each defendant pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

**PARAMOUNTLAW**
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
6535@paramount-law.net